## ANDERSON v. DACOSTA.

The clause of art. 3508 C. C. which provides that "if the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale," does not apply to vices of character.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. Pitot, for the plaintiff, *Train*, for the appellant. The judgment of the court was pronounced by

KING, J. The plaintiff has instituted this action to rescind the sale of a female slave, on the ground that she was in the habit of running away previously to the sale. The defendant pleaded a general denial, and called his vendor, *Faivre*, in warranty. A judgment was rendered in favor of the plaintiff against the defendant, and in favor of the latter against his vendor *Faivre*. *Faivre* has appealed.

The district judge assigned the following reasons for his judgment: " It is proved that the slave *Matilda*, whilst in the possession of the warrantor *Faivre*, absented herself from *Smith*, with whom she was hired; from the 2d to the 5th of July, and was brought back by her master, who declared she had runaway before. It is further in proof that she was taken up and lodged in prison on the 28th of September, being within three days after her sale to the plaintiff. This, under arts. 2505 and 2508 C. C., establishes the law."

The facts stated by the judge are fully established by the testimony of three witnesses, whom he believed, and no fact proved by the appellant stands in necessary conflict with the truth of their statements. But it is contended that art. 2508 of the Code has no application to vices of character, and that the judge erred in considering the fact that the slave absented herself within three days after the sale as affording a presumption of the previous existence of the habit of running away. This position is supported by the authorities to which we have been referred. 6 La. 40. 5 Mart. 372.

The conduct of the slave, subsequently to the sale, may be considered in connection with other testimony in determining the previous habit; but, when the alleged vice is one of character, does not create the legal presumption spoken of in the article referred to. In the present instance, however, the testimony showing the existence of the habit anterior to the sale is sufficient to support the decision of the district judge, without the aid of that presumption.                    *Judgment affirmed.*